UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NADIRA A. PITTMAN,

           Plaintiff,

-against-

JASON CLARKE; JEFFREY ROY,

           Defendants.

24-CV-4279 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, alleging that Defendants violated her federal constitutional rights. Named as Defendants are Jason Clarke and Jeffrey Roy, about whom Plaintiff provides no information. By order dated August 14, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff checks the box on her complaint form to invoke the court's federal question jurisdiction, and in response to the question on the form asking which of her federal constitutional or federal statutory rights were violated, she writes, "[C]ivil rights, 14th amendment[;] Harassment, stalking and defamation of character by possible by possible sex traffickers whom seems to have connections with whom I consider long time childhood friend worked with local government and gang members in order to conspire toward unlawful enslavement."[1] (ECF 1, at 2.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, punctuation, and capitalization are as in the original unless noted otherwise.

Plaintiff states that the events giving rise to her claims occurred at [v]arious location[s], How woek[,] Supermarket, public places, when was temporarily wrongfully jail[ed]." (*Id*. at 5.) She does not provide a date on which the events occurred, and alleges

> I have been dealing with attempts of mind control, stalking, harassment (which I had to move multiple time get called names on many occasions in attempts to antagonize and disturb me but they only followed me. not sure how they were able to follow me to the other places and how they had the connections to my family and those I considered friends but my family as well assist with the attempts to defamation of character in which I was jail and harassed in the jail system by multiple individuals. they are possible sex traffickers whom have strong and aggressive connections to government officials. this situation requires the honest judicial system to enter and end this large concern for not just myself but for other women and young children that are missing and the future youth that are at risk due to lack of knowledge of their tactics. while reaching out to mr. connecting to mr. clarke he pretended to be my friend and placed me within many uncomfortable and dangerous sitations with[] questionable individuals. mr. clarke and mr joy created scenarios in order to tarnish my record reputation never warranting of unsafe situations all was trans[p]ired in order to conspired against myself and family working with federal agents unethical and unlawful tactics.

(*Id*. at 5.)

Plaintiff lists her injuries as

> Family has turned on me in which I no longer have any support system in which could be due to the mass mind control tactic that was used on them as well. I was jailed and I was threatened to be hurt by the others inmates. financially, I lost my job, all my belongings and currently reside in a shelter. they have connected me to people in my life in order to bring havoc and self defending situations.

(*Id*. at 6.)

In the section of the form to state the relief she is seeking, Plaintiff writes, "No job, lost my apartment in debt, vehicle, currently homeless with criminal case due to defamation of character. lost my clothing over 5,000 worth and home items reputation tarnished." (Id. at 6.)

## DISCUSSION

**A.    Constitutional claims**

Plaintiff's claims that Defendants violated her federal constitutional rights arise under 42 U.S.C. § 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Nothing in Plaintiff's complaint suggests that Defendants Clarke and Roy work for any state or other government body. Because Defendants appear to be private parties and Plaintiff has alleged no facts suggesting they should be considered state actors, the Court dismisses Plaintiff's claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Conspiracy claims**

The Court construes Plaintiff's allegations that Defendants worked with others to violate her civil right as an attempt to assert conspiracy claim under 42 U.S.C. § 1985(3). To state a such a claim, a plaintiff must show that there exists: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of her right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* (internal quotation marks and citation omitted). "Claims under Section

4

1985 must be alleged "with at least some degree of particularity" and must include facts showing that the "overt acts which defendants engaged in . . . were reasonably related to the promotion of the claimed conspiracy." *Hernandez v. Goord*, 312 F. Supp. 2d 537, 546 (S.D.N.Y. 2004).

Vague and unsupported assertions of a claim of conspiracy under Section 1985 will not suffice to state a claim upon which relief can be granted. *See, e.g.*, *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order); *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997); *Spear v. Town of West Hartford,* 954 F.2d 63, 68 (2d Cir. 1992); *Sommer v. Dixon*, 709 F.2d 173, 175 (2d Cir. 1983) (noting that § 1985 claims must be dismissed where they contain "only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights").

Here, Plaintiff does not allege any facts suggesting that Defendants were motivated by any racial or other class-based discriminatory animus. Furthermore, her vague assertion that a "childhood friend worked with local government . . . to conspire toward unlawful enslavement" is insufficient to support a conspiracy claim. The Court therefore dismisses any conspiracy claims that Plaintiff seeks to assert under Section 1985 for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

C.   **State law claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New*

*York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**D.   Leave to amend denied and warning**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

Plaintiff has filed numerous actions in this court in which she alleged similar or identical facts, but named different defendants and asserted that the events giving rise to her claims occurred in Georgia. The Court has transferred those actions to the United States District Court for the Northern District of Georgia, which, in turn, has dismissed almost all of them. *See Pittman v. State of Georgia*, No. 24-CV-1818 (N.D. Ga. June 4, 2024) (dismissing as frivolous action transferred from this court), No. 24-11956-G (11th Cir. Aug. 1, 2024) (dismissing appeal for lack of prosecution); *Pittman v. Mark Atlanta Apartment*, No. 24-CV-1843 (N.D. Ga. July 2, 2024) (dismissing as frivolous action transferred from this court); *Pittman v. Fulton Cnty. Police Dep't*, No. 24-CV-1851 (N.D. Ga. July 2, 2024) (noting that action transferred from this court "appears frivolous" but granting her leave to replead).[2]

---

[2] *See also Pittman v. United States Gov.*, ECF 1:24-CV-2909, 5 (LTS) (S.D.N.Y. June 27, 2024) (dismissing substantially similar action for failure to comply with order directing her to pay the fees or file IFP application); *Pittman v. Brown*, ECF 1:24-CV-3093, 4 (LTS) (S.D.N.Y. July 1, 2024) (same); *Pittman v. United States Gov.*, ECF 1:24-CV-1127, 5 (LTS)

Plaintiff filed other versions of the same complaint directly in the Northern District of Georgia. *See State of Georgia v. Pittman*, No. 24-CV-2385 (N.D. Ga. Jun 28, 2024) (remanding removal action to state court), No. 24-12238 (11th Cir. Aug. 4, 2024) (dismissing appeal for lack of jurisdiction); *Pittman v. Clayton Cnty. Jail*, No. 24-CV-1888 (N.D. Ga. June 26, 2024) (dismissing action as frivolous); *Pittman v. Atlanta Missions*, No. 24-CV-2108 (N.D. Ga. June 26, 2024) (dismissing as frivolous action alleging a different set of facts).

In light of this litigation history, the Court finds that Plaintiff was or should have been aware that this action lacked merit when she filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal requirements). Plaintiff is warned that, if she abuses the privilege of proceeding IFP by pursuing further litigation in this court that is frivolous, duplicative, or fails to state a claim, the Court may order her to show cause why she should not be barred from filing new actions in this court IFP unless she receives prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

Plaintiff's action, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff is warned that if she abuses the privilege of proceeding IFP by pursuing further litigation in this court that is frivolous, duplicative, or fails to state a claim, the Court may order her to show cause why she should not be barred from filing new actions in this court IFP unless she receives prior permission. *See* 28 U.S.C. § 1651.

---

(S.D.N.Y. Mar. 29, 2024) (dismissing substantially similar action for failure to comply with order directing her to sign the complaint).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   October 9, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge